UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JAYRON TORQUIS YAC, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **25-13089-BEM** |
| | ) | |
| **WHALING CITY JUNIOR/SENIOR** | ) | |
| **HIGH SCHOOL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS

**MURPHY, J.**

Plaintiffs Jayron Torquis Yac ("Jayron"), Rosa Yac Gomez, and Thomas Torquis brought

suit against Defendants City of New Bedford, Whaling City Junior/Senior High School ("Whaling

City School"), and Joseph Kazen (together, "Defendants") after Kazen allegedly injured Jayron at

Whaling City School.  Before this Court are two motions to dismiss.  For the reasons stated herein,

the Court will deny in part and grant in part each motion.

**I.  Background**

    **A.  Factual Background**

Except where noted, the following facts are drawn from Plaintiffs' complaint, Dkt. 1-2

("Complaint" or "Compl."), and are accepted as true for the purposes of the motions to dismiss.

Jayron resides in New Bedford, Massachusetts and was a high school senior at Whaling City

School during the incident that gave rise to this action.  *Id.* ¶¶ 1, 7.  Rosa Yac Gomez and Thomas

Torquis are Jayron's mother and father and also reside in New Bedford, Massachusetts.  *Id.* ¶¶ 2,

3.

Kazen is a citizen of Massachusetts and was an employee of New Bedford Public Schools and a teacher at Whaling City School at the time of the incident.  *Id.* ¶¶ 5, 9.  On or about January 10, 2023, Jayron was in his homeroom classroom.  *Id.* ¶ 8.  Kazen "tackle[d] or cause[d] [Jayron] to fall to the ground," *id.* ¶ 9, in retaliation "for a trivial classroom infraction," *id.* ¶ 20. As a result, Jayron fractured his right arm, necessitating two surgeries, and spent the rest of his senior year at home.  *Id.* ¶ 11.  Jayron graduated without returning to Whaling City School.  *Id.*

### B.     Procedural Background

Plaintiffs filed this lawsuit in Bristol County Superior Court on October 1, 2025.  *Id.*  The complaint asserts five counts: negligence under the Massachusetts Tort Claims Act ("MTCA"), M.G.L.A. c. 258 (Count I); violations of 42 U.S.C. § 1983 for deprivation of rights under the Fourteenth Amendment (Counts II and III); and loss of consortium (Counts IV and V).  *Id.* ¶¶ 12–32.  On October 21, 2025, Defendants removed to federal court.  Dkt. 1.

On November 6, 2025, New Bedford and Whaling City School (together, "Municipal Defendants") filed a motion to dismiss Counts I, II, IV, and V.  Dkt. 12.  On November 11, 2025, Kazen filed a motion to dismiss Counts II, IV, and V.  Dkt. 18.  Plaintiffs filed oppositions to the motions to dismiss on December 4 and December 9, 2025, respectively.  Dkts. 22, 23.  On February 9, 2026, the Court held a hearing and took both motions under advisement.

## II.     Legal Standard

Courts analyzing claims under Federal Rule 12(b)(6) must determine whether a plaintiff's factual allegations, disregarding all "conclusory" statements, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At the pleading stage, plaintiffs need not demonstrate that they are likely to prevail, but "[their] claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *García-Catalán v. United States*, 734 F.3d 100, 102–03 (1st Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).  "The inquiry is usually limited

to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice," *Whelden v. U.S. Bank Nat'l Ass'n*, 494 F. Supp. 3d 68, 73 (D. Mass. 2020) (citing *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003)), "but the court may also consider other documents the authenticity of which is not disputed by the parties, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint," *id.* (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

### III.     Discussion

#### A.     Count I: Negligence under the MTCA

At the hearing before this Court, Municipal Defendants conceded that Plaintiffs complied with the presentment requirements of the MTCA and that dismissal of Counts I, IV, and V on that ground is not warranted. *See* M.G.L.A. c. 258, § 4. Conversely, Plaintiffs conceded that Count I must be dismissed as against Whaling City School because it is not a separate entity from New Bedford. "Under Massachusetts law, a town is not and cannot be deemed an entity separate and independent from any of its constituent departments, and a suit against a department is deemed to be a suit against the Town itself." *Wright v. Town of Southbridge*, 2009 WL 415506, at *3 (D. Mass. Jan. 15, 2009) (internal quotation marks omitted). Accordingly Count I is dismissed only as to Whaling City School.

#### B.     Count II: Substantive Due Process

Plaintiffs brought a claim under 42 U.S.C. § 1983 against Kazen in his individual capacity, alleging that Kazen violated Jayron's Fourteenth Amendment rights. "To bring a substantive due process claim, a plaintiff challenging specific acts of state officials must show (1) that they were deprived of a protected life, liberty or property interest and (2) that the conduct was so egregious as to shock the conscience." *Biscan v. Town of Wilmington*, 721 F. Supp. 3d 127, 145 (D. Mass. 2024), *reconsideration allowed on other grounds*, 771 F. Supp. 3d 26 (D. Mass. 2025). The second

3

prong presents an "extremely high" bar. *J.R. v. Gloria*, 593 F.3d 73, 80 (1st Cir. 2010). Making a showing that state conduct "shocks the conscience . . . requir[es] stunning evidence of arbitrariness and caprice that extends beyond [m]ere violations of state law, even violations resulting from bad faith to something more egregious and more extreme." *Id.*; *see also Gonzalez-Fuentes v. Molina*, 607 F.3d 864 (1st Cir. 2010) ("A hallmark of successful challenges is an extreme lack of proportionality, as the test is primarily concerned with violations of personal rights . . . so severe . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." (internal quotation marks omitted)).

Kazen argues that Count II should be dismissed because he is entitled to qualified immunity. When evaluating a claim of qualified immunity, "[a] court must decide (1) whether the facts alleged make out a violation of a constitutional right; and (2) if so, whether the right was "clearly established" at the time of the defendant's alleged violation." *Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009) (quoting *Pearson v. Callahan,* 555 U.S. 223, 232 (2009)).

> Assessing qualified immunity at the motion to dismiss stage requires that [courts] evaluate the sufficiency of the plaintiffs' pleadings. Indeed, because "whether a particular complaint sufficiently alleges a clearly established violation of law cannot be decided in isolation from the facts pleaded," the Court must scrutinize the plaintiffs' complaint to determine whether it states a plausible entitlement to relief.

*Id.* at 268 (quoting *Iqbal*, 556 U.S. at 673).

This Court turns first to whether the right at issue was "clearly established" at the time of the alleged misconduct.[1]  *Maldonado*, 568 F.3d at 269.  The Supreme Court has recognized that

---

[1] A court may consider the two prongs of the qualified immunity inquiry "in whatever order it deems appropriate." *Biscan*, 721 F. Supp. 3d at 146 (citing *Pearson*, 555 U.S. at 242).

Fourteenth Amendment liberty interests are implicated "where school authorities, acting under color of state law, deliberately decide to punish a child for misconduct by . . . inflicting appreciable physical pain." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). A number of circuit courts have held, accordingly, that "excessive corporal punishment can violate a student's substantive due process rights." *Biscan*, 721 F. Supp. 3d at 147 (quoting *P.B. v. Koch*, 96 F.3d 1298, 1302 (9th Cir. 1996)). "While the First Circuit has not considered this precise issue, it has stated that a consensus of three or more circuits can 'clearly establish' a right." *Id.* (quoting *McCue v. City of Bangor*, 838 F.3d 55, 64 (1st Cir. 2016)). The right to be free from excessive corporal punishment was therefore "well established" at the time of Kazen's alleged misconduct. *Id.*

The Court next considers whether the facts alleged sufficiently shock the conscience and therefore state a claim for a substantive due process violation. *Maldonado*, 568 F.3d at 268–69. Here, Plaintiffs allege that Kazen "retaliated against [Jayron] for a trivial classroom infraction," Compl. ¶ 20, by "tackl[ing] or caus[ing] [Jayron] to fall to the ground" such that Jayron "sustained a right arm fracture requiring two surgeries" and was unable to return to school for the remainder of the year, *id.* ¶¶ 10–11. Another court in this District has found that similar injuries from a teacher can constitute misconduct shocking to the conscience. *See Biscan*, F. Supp. 3d at 147 (finding that a student who came home with bruises and scratches on multiple occasions and alleged that a teacher had pushed him had met the conscience-shocking standard); *see also Doe v. City of New Bedford*, 2015 WL 13229204, at *4 (D. Mass. Dec. 4, 2015) ("School officials' actions that shock the conscience typically involve directly inflicting physical injury."). Accordingly, this Court finds that Plaintiffs have, at this stage, adequately pled a conscience-shocking violation of Jayron's right to be free from excessive corporal punishment and that Kazen is not entitled to qualified immunity.

5

C.    **Count III: Municipal Liability**

Plaintiffs allege, in addition, that New Bedford, "through its School Department and governing bodies, maintained customs, practices, or policies that were the moving force behind the constitutional violations suffered by Jayron." Compl. ¶ 25. Municipal Defendants argue that Plaintiffs' allegations fail to satisfy the "very high bar for assessing municipal liability under *Monell*." Dkt. 13 at 8 (quoting *Young v. City of Providence*, 404 F.3d 4, 26 (1st Cir. 2005)). "To make out a case for municipal liability under 42 U.S.C. § 1983, the Supreme Court has repeatedly held that liability can be found only 'where the municipality *itself* causes the constitutional violation at issue.'" *Santiago v. Fenton*, 891 F.2d 373, 381 (1st Cir. 1989) (emphasis in original) (quoting *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989)). "This requires that plaintiff demonstrate both the existence of a policy or custom and a causal link between that policy and the constitutional harm." *Id.* "The municipal policy may either be (1) an official policy articulated or adopted by a decision-maker; or (2) an unofficial custom as evidenced by widespread action or inaction." *McElroy v. City of Lowell*, 741 F. Supp. 2d 349, 353 (D. Mass. 2010) (citing *Fletcher v. Town of Clinton,* 196 F.3d 41, 55 (1st Cir.1999)). A custom "must be so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." *Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989).

Plaintiffs allege that New Bedford's policies include "failure to discipline teachers for inappropriate physical contact, failure to train staff in de-escalation and student safety and tacit approval of physical force," Compl. ¶ 26, and that New Bedford "had notice of prior misconduct by Mr. Kazen and failed to take corrective action," *id.* ¶ 27. A municipality's failure to adequately train its employees may give rise to section 1983 liability in limited circumstances. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). "Only where a failure to train reflects a 'deliberate' or

'conscious' choice by a municipality—a 'policy' as defined by [the Supreme Court's] prior cases—can a city be liable for such a failure under § 1983." *Id.* at 389.  Here, Plaintiffs allege that New Bedford was aware of and failed to address prior misconduct by Kazen, and expressly link New Bedford's "failure to discipline" and "tacit approval of physical force" to Jayron's injuries, which were inflicted by the very individual whose prior misconduct New Bedford allegedly ignored.  Compl. ¶ 26.  At this stage, in which the Court "must make all reasonable inferences in favor of the plaintiffs," *Watterson*, 987 F.3d at 3, and the plaintiff need only "state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678, the allegations in Count III are sufficient to survive Municipal Defendants' motion to dismiss.

### D.    Counts IV & V: Parental Loss of Consortium

Jayron's parents each bring claims for loss of consortium of their son against Defendants.  Compl. ¶¶ 29–32.  Defendants argue that parental loss of consortium claims may only be brought against a "*person*," not against a municipality or municipal employees, and therefore these claims must be dismissed.  *See* Dkt. 13 at 11–13.

Under Massachusetts law, "[t]he parents of a minor child . . . shall have a cause of action for loss of consortium of the child who has been seriously injured against any person who is legally responsible for causing such injury."  Mass. Gen. Laws ch. 231, § 85X.  Courts in this district have split as to whether "person" in section 85X includes government entities like municipalities.  *Compare Doe I v. City of Northampton*, 659 F. Supp. 3d 122, 135–36 (D. Mass. 2023) (permitting parental loss of consortium claim against city), *with Doe v. Dennis-Yarmouth Reg'l School Dist.*, 578 F. Supp. 3d 164, 183 (D. Mass. 2022) (barring section 85X claim against municipal defendants); *Harrington v. City of Attleboro*, 172 F. Supp. 3d 337, 354–55 (D. Mass. 2016) (same); *Doe v. Bradshaw*, 2013 WL 5236110, at *14 (D. Mass. Sept. 16, 2013) (same).

*Doe I v. City of Northampton*, the most recent case to address this question, concluded after a thoughtful review of the relevant caselaw and legislative history that "person" in Section 85X includes municipal defendants. *See Doe I*, 659 F. Supp. 3d at 135–36. The *Doe I* court explained that the Legislature enacted section 85X in response to a ruling by the Massachusetts Supreme Judicial Court that there was no common law claim for parental loss of consortium in a case against the Massachusetts Bay Transportation Authority. *Id.* at 135 (citing *Norman v. Mass. Bay Transp. Auth.*, 403 Mass. 303 (1988)). *Doe I* also noted that Massachusetts courts have blessed, both implicitly and explicitly, bringing section 85X claims against municipalities. *Id.* at 135–36 (citing *Monahan v. Town of Methuen*, 408 Mass. 381 (1990); *Alter v. City of Newton*, 35 Mass. App. Ct. 142 (1993); *Cavanaugh v. Tantasqua Reg'l Sch. Dist.*, 2012 WL 676058 (Mass. Super. Ct. Feb. 12, 2012)). For the reasons articulated in *Doe I*, Plaintiffs' loss of consortium claims may be brought against Municipal Defendants.

Plaintiffs conceded at the hearing, however, that the loss of consortium claims must be dismissed as against Kazen because a parental loss of consortium requires an "underlying tortious act." *Harrington v. City of Attleboro*, 172 F. Supp. 3d 337 (D. Mass. 2016); *cf. Whitney v. Bucher Mun. NA, Inc.*, 710 F. Supp. 3d 91, 94 (D. Mass. 2024) ("Generally, a loss of consortium claim can only be brought when a claimant's spouse has a valid tort claim." (internal quotation marks omitted)). Other alleged misconduct, including section 1983 claims, cannot provide the basis for a loss of consortium claim. *See Kennedy v. Town of Billerica*, 502 F. Supp. 2d 150, 160 (D. Mass. 2007), *aff'd*, 617 F.3d 520 (1st Cir. 2010) ("Relatives of a federal civil rights victim are not permitted to raise a claim for loss of consortium based upon the federal civil rights violation under [Section] 1983."). Accordingly, Counts IV and V are dismissed as against Kazen. Counts IV and

V survive, however, as against Municipal Defendants, against whom Plaintiffs also make a claim of negligence under the MTCA.

## IV.    Conclusion

For the foregoing reasons, Municipal Defendants' motion to dismiss is GRANTED in part and DENIED in part, and Kazen's motion to dismiss is GRANTED in part and DENIED in part.

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Dated: February 27, 2026                                    Judge, United States District Court